Filed 7/9/26  Marriage of Cave CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| In re the Marriage of ANGELIQUE HALLEY-CAVE and MICHAEL B. CAVE. | C105257 |
| ANGELIQUE HALLEY-CAVE, Respondent, v. MICHAEL B. CAVE, Appellant; SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Claimant and Respondent | (Super. Ct. No. S-DR-0066494) |

Based on the opening brief in this appeal and its record citations or lack thereof, respondent and appellant Michael B. Cave (appellant) appears to challenge a trial court's ruling that denied his motion to quash and request for stay of an order enforcing a child support order.  Appellant's arguments fail due to inadequate briefing.

Appellant filed an opening brief with only three legal citations.  First, in his statement of appealability, appellant cites Code of Civil Procedure section 904.1, subdivision (a)(2), for the proposition that a post-judgment enforcement order is an appealable order.  Second, in his statement of the case, he states that "the support

1

obligation at issue was calculated using a temporary parenting schedule that arose from unilateral action that was never adjudicated through a full evidentiary process. No findings were made under Family Code § 3011, no completed evidentiary process occurred, and no final custody determination of parenting time was ever made." With this citation of Family Code section 3011, he does not identify what findings the statute requires. The third citation is to California Rules of Court, rule 8.204, regarding limits on the length of appellate briefs—i.e., it is part of a pro forma statement of compliance with appellate brief word limits.

The major shortcoming with appellant's brief is that appellant cites *no legal authority* either in the section of the brief setting forth the proper standard of review or in the argument sections of his opening brief.

" '[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment. [Citations.]' (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 [].) 'This means that an *appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim*. The appellant must present an adequate argument *including citations to supporting authorities* . . . . [Citations.]' (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 [].)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620, italics added; see also Cal. Rules of Court, rule 8.204(a)(1)(B) [briefs must "support each point by argument and, if possible, by citation of authority"].) A party who fails to support their position "with argument *and relevant legal authority*" forfeits the argument. (*DP Pham LLC v. Cheadle* (2016) 246 Cal.App.4th 653, 674, italics added; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*) ["We may disregard legal arguments that are not supported by citations to legal authority"].)

"Generally speaking, the scope of the issues on appeal is determined by the appellant's opening brief; that is, the issues presented *through reasoned argument* in an appellant's opening brief are normally *the only bases* upon which [the court] will reverse the judgment or order challenged on appeal." (*People v. Hannon* (2016) 5 Cal.App.5th 94, 104, italics added.)

"When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; accord *Tanguilig, supra*, 36 Cal.App.5th at p. 520.)

Here, having failed to provide an opening brief that contains legal citation, or unforfeited legal arguments, appellant has failed to meet his burden on appeal. Thus, we reject appellant's arguments due to insufficient briefing without considering if there would be any merit to them had the arguments been properly presented.

DISPOSITION

The trial court's rulings are affirmed. Trial court petitioner and respondent Angelique Halley-Cave is entitled to her costs on appeal under California Rules of Court, rule 8.278(a)(1) and (2).

/s/
HULL, J.

We concur:

/s/
EARL, P. J.

/s/
KRAUSE, J.

3